CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of an automobile collision. Plaintiff was a guest passenger in an automobile owned and operated by George T. Franks. Named as defendants are Tom W. Stevenson, operator of the other vehicle, and his liability insurer, State Farm Mutual Automobile Insurance Company. These defendants filed a third party demand against George T. Franks. After a trial on the merits, the district judge held there was no negligence on the part of the defendant, Tom W. Stevenson, and dismissed both the principal action and the third party demand. Plaintiff appealed.
The accident occurred on August 22, 1961 at about 11:00 p. m. on the blacktopped highway which runs generally east and west between Natchitoches and Many, Louisiana. It was raining and the highway was slippery. The Franks vehicle, in which plaintiff was a passenger, was traveling east, toward Natchitoches. As he drove around a curve to his left and went downhill, Franks applied his brakes, causing the vehicle to skid into and across the opposite lane of traffic, where it was struck on the right side by the front end of the Stevenson vehicle. The Stevenson vehicle had been going west toward Many. Just before it reached the curve, the driver suddenly saw the Franks vehicle skidding out of control into Stevenson’s lane of traffic. Mr. Stevenson cut to the right and went partly on the shoulder of the road, but was unable to avoid the collision.
*376 As we understand plaintiff’s contention on appeal, it is that Stevenson was negligent in not changing his headlights from bright to dim, thereby blinding Franks, and in not seeing that the Franks vehicle was skidding and out of control in time to avoid the accident.
We think the evidence fully supports the finding of the trial judge that there is no proof to show the lights of the Stevenson vehicle were on high beam and, even if they were, this was not a cause of the collision. The evidence shows that as these two vehicles approached this sharp curve, from opposite directions, neither driver could see the other car, because of trees growing in the curve. Plaintiff himself testified that Stevenson’s lights did not blind him until Stevenson was only 10 to 20 feet away. Stevenson testified that as he approached the curve he saw Frank’s headlights shining on the trees on the opposite side of the road in the curve, but the first time he saw the Franks’s car, it was only 40 to 60 feet ahead of him and was already skidding across into the wrong lane of traffic. We think the evidence clearly supports the trial judge’s finding that Mr. Stevenson did not and could not see the Franks’s vehicle in time to avoid the accident.
We agree with the following conclusion of the lower court:
“The evidence shows that the lights of the defendant’s truck had no bearing on the cause or occurrence of the accident. The lights of defendant’s vehicle were not shining on plaintiff’s host until almost the instant of the impact. It further shows that the vehicle in which plaintiff was riding was already skidding and out of control when it came within view of defendant’s vehicle. The evidence shows to the satisfaction of the court that plaintiff’s host lost control of his vehicle because of speed, slick surface of the highway, or for some other reason, and skidded sideways into defendant’s lane of travel and struck defendant headon.
* * * *
“It is clear to this court that this accident was caused solely and entirely by the driver, George Franks, losing control of his automobile in the curve. The vehicles came together in the collision on Stevenson’s side of the highway. There is no proof that the lights of the vehicle of Tom W. Stevenson were on high beam or that he was guilty of any actionable negligence in any other respect.’’
For the reasons assigned the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.
On Application for Rehearing
En Banc. Rehearing denied.